## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF LOUISIANA

IN RE: One Hundred Fold II, LLC          **CASE NO. 18-10313**
     **(Debtor)**                                **CHAPTER 11**

### AMENDED CHAPTER 11 PLAN OF REORGANIZATION
### Dated January 25, 2019

One Hundred Fold II, LLC, chapter 11 debtor in possession, respectfully submits to this Honorable Court and proposes to the creditors of the captioned case the following Amended Chapter 11 Plan of Reorganization.

### ARTICLE I. CLASSES AND TREATMENT OF CLAIMS

### CLASS 1.  ADMINISTRATIVE CLAIMS

Consists of the administrative expenses allowed under §503 and entitled to priority under 11 U.S.C. §507(a). There will be administrative expenses in the case for professional fees during the chapter 11 reorganization for the claims of the attorney and accountant for the debtor in possession.  The bankruptcy court may allow other administrative priority claims for other parties or entities upon motion and opportunity for hearing and objection.  To the extent the bankruptcy court allows other claims pursuant to 11 U.S.C. §503(b) such claims will also be treated in this class to the extent payment is not otherwise provided for within the terms of this plan.

The total amount of claims in this class incurred through confirmation has not yet been determined and Allowed by order of the court.  It is anticipated there will be no claims in this class other than for professional services. All such professional fees may only be paid if approved by court order and once allowed shall be paid upon entry of the order approving the fees, or such other date upon agreement of the professional.  The first applications for approval of the compensation for professionals fees incurred post-petition shall be submitted for court approval prior to or with the hearing on confirmation of this plan.

### CLASS 2.  PRIORITY TAX CLAIMS

Consists of federal, state or parish taxing authorities who have valid and allowed pre bankruptcy tax claims pursuant to 11 U.S.C. §507(a)(8). The holders of an Allowed Claims in this class shall be paid in full within 60 months from the petition date of this case. The monthly payments shall commence thirty days from entry of the order of confirmation of this plan and

shall be in equal monthly deferred cash payments. If the holder of an Allowed Claim in this class has a valid lien over assets of this estate as of the petition date of this bankruptcy case, then the claimant shall retain its lien to the same rank and extent that existed as of the petition date, and until the allowed amount of the lien claim has been paid in full under this plan.

The Allowed Claimants in this class are identified as follows and shall be paid as indicated:

| CLAIMANT: | ALLOWED AMOUNTS DUE: | RATE OF INTEREST: | PLAN MONTHS: | MONTHLY PAYMENTS: |
|---|---|---|---|---|
| NONE | | | | |

## CLASSES 3 THROUGH 54.  ALLOWED SECURED CLASSES:
### {CLASSES APPEAR IN ALPHABETICAL ORDER BY STREET NAME, THEN NUMBERICALLY BY STREET NUMBER}

### CLASS 3.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| 69th Ave. | 2938 69th Ave. | $28,655.63 | $22,000.00 |
| Ditech Financial LLC | Baton Rouge LA 70807 | | |
| | Bank Addition, lot 40-A, Sq 53 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property.  The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated.   The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs.  However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on  confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 4.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| 70th Ave. | 2915 70th Ave. | $20,729.93 | $22,000.00 |
| Seterus Inc. | Baton Rouge LA 70807 | | |
| | Bank Addition Lots 3&4, Sq 70 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 5.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| Adams Ave. | 5612 Adams Ave. | $27,087.16 | $22,000.00 |
| Chase Mortgage | Baton Rouge LA 70805 | | |
| | East Fairfields, lot 20 Sq 25 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing

on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 6.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Bomer Dr.** | **7351 Bomer Dr.** | $29,589.20 | $22,000.00 |
| **Chase Mortgage** | **Baton Rouge LA 708012** | | |
| | **Greendale s/d lot 87** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 7.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Byron Ave.** | **5153 Byron Ave.** | $27,072.28 | $15,000.00 |
| **Chase Mortgage** | **Baton Rouge LA 70805** | | |
| | **Addition North Highland, lot 14 Sq 13** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid with simple interest at the rate of 4% in one hundred and twenty equal monthly installments commencing sixty days from entry of a final order of confirmation.. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full. The remaining unsecured portion of the claim held by each of the creditors in this class are moved to the General Unsecured Class of this plan.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs.

This class is impaired.

## CLASS 8.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Chipley St.** | **920 Chipley St.** | **$47,072.28** | **$22,000.00** |
| PNC Bank | **Baker, LA 70714** | | |
| | **Park Ridge Sec II, lot 66** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 9.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Clayton Dr** | **3749 Clayton Dr,** | **$23,498.29** | **$22,000.00** |
| Chase Mortgage | **Baton Rouge, LA 70805;** | | |
| | **North Highlands Estates lot 198** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-

appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on  confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 10.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Clayton Dr.** | 4060 Clayton Dr. | $32,964.40 | $15,000 |
| Wells Fargo Home | Baton Rouge LA 70805 | | |
| Mortgage | North Highland Estates portion #206 & 217 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated.   The Allowed Secured Claim shall be paid with simple interest at the rate of 4% in one hundred and twenty equal monthly installments commencing sixty days from entry of a final order of confirmation.. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full. The remaining unsecured portion of the claim held by each of the creditors in this class are moved to the General Unsecured Class of this plan.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs.

This class is impaired.

## CLASS 11.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Clayton Dr.** | 4720 Clayton Dr. | $35,129.16 | See Exhibit B |
| Seterus, Inc | Baton Rouge LA 70805 | | |
| | Addition North Highlands Lot 8, Sq 11 | | |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only

one or two properties for which flood insurance proceeds were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only. Each of the claimants in this class hold a security interest against property that was a loss.

(a) The Reorganized Entity *and each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B. Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, **and** (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured **and** Unsecured Claims, **and promptly** provides an executed cancellation of its security interest.

(d) This Class is impaired.

(e) Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

(f) Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall

execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

## CLASS 12.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Clayton Dr.** | **5056 Clayton Dr.** | **$27,756.18** | **See Exhibit B** |
| **Chase Mortgage Baton** | **Rouge LA 70805** | | |
| | **Addition North Highland,** | | |
| | **Lot 7 & east 10'Lot 6, Sq 19** | | |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only one or two properties for which flood insurance proceeds were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only. Each of the claimants in this class hold a security interest against property that was a loss.

(g) The Reorganized Entity *and each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B. Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(h) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on

Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(i) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, ***and*** (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured ***and*** Unsecured Claims, ***and promptly*** provides an executed cancellation of its security interest.

(j) This Class is impaired.

**(k)** Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

**(l)** Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

## CLASS 13.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Clayton Dr.** | **5350 Clayton Dr.** | $30,229.47 | See Exhibit B |
| Seterus, Inc. | **Baton Rouge LA 70805** | | |
| | **Suburb Greaud, lot 8** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on  confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 14.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Curtis St.** | **2741 Curtis St.** | **$26,928,49** | **$22,000.00** |
| Citimortgage Inc. | **Baton Rouge LA 70807** | | |
| | **Roosevelt Place, lot 17 Sq 9** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 15.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Dalton St.** | **3576 Dalton St.** | **$32,947.31** | **$22,000.00** |
| Wells Fargo Home | **Baton Rouge LA 70805** | | |
| Mortgage | **Highland Gardens Lot 122** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class

that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 16.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Dayton St.** | 2815 Dayton St. | $24,726.37 | $22,000.00 |
| **PNC Bank** | Baton Rouge LA 70805 | | |
| | Dayton s/d, lot 11 Sq 2 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated.  The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs.  However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 17.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Dayton St.** | 3402 Dayton St. | $14,000.75 | $22,000.00 |
| **PNC Bank** | Baton Rouge LA 70805 | | |
| | Plank Road s/d lot 4 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated.  The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 18.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Eleanor Dr.** | 3842 Eleanor Dr. | $21,422.35 | See Exhibit B |
| Citimortgage Inc. | Baton Rouge LA 70805 | | |
| | East Dayton, lot 88 | | |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only one or two properties for which flood insurance were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only. Each of the claimants in this class hold a security interest against property that was a loss.

(a) The Reorganized Entity a*nd each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B. Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to

the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, *and* (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured *and* Unsecured Claims, *and promptly* provides an executed cancellation of its security interest.

(d) This Class is impaired.

**(e)** Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

**(f)** Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

## CLASS 19.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Elm Dr.** | **2908 Elm Dr.** | $26,514.67 | See Exhibit B |
| PNC Bank | Baton Rouge LA 70805 | | |
| | South Dayton s/d, lot 37 | | |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**.  Prior to the filing of this case there were only one or two properties for which flood insurance proceeds were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only.  Each of the claimants in this class hold a security interest against property that was a loss.

(a) The Reorganized Entity a*nd each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B.  Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, ***and*** (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured ***and*** Unsecured Claims, ***and promptly*** provides an executed cancellation of its security interest.

(d) This Class is impaired.

(e) Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

(f) Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new

unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

## CLASS 20.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Erie St.** | **2948 Erie St.** | **$24,877.77** | **$15,000.00** |
| **Wells Fargo Home** | **Baton Rouge LA 70805** | | |
| **Mortgage** | **Victory Place, lot 42, Sq 2** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid with simple interest at the rate of 4% in one hundred and twenty equal monthly installments commencing sixty days from entry of a final order of confirmation.. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full. The remaining unsecured portion of the claim held by each of the creditors in this class are moved to the General Unsecured Class of this plan.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs.

This class is impaired.

## CLASS 21.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Erie St.** | **3001 Erie St.** | **$undetermined** | **$0.00** |
| **Wells Fargo Home** | **Baton Rouge LA 70805** | | |
| **Mortgage** | **Victory Place, lot 16, Block 1** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid with simple interest at the rate of 4% in one hundred and twenty equal monthly installments commencing sixty days from entry of a final order of confirmation.. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full. The remaining unsecured portion of the claim held by each of the creditors in this class are moved to the General Unsecured Class of this plan.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs.

This class is impaired.

## CLASS 22.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| Fairfields Ave. | 3406 Fairfields Ave. | $22,939.12 | $22,000.00 |
| PNC Bank | Baton Rouge LA 70802 | | |
| | Belfort s/d lot 156 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated.   The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs.  However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on  confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 23.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| Fairfields Ave. | 4911 Fairfields Ave. | $21,652.27 | $22,000.00 |
| Seterus, Inc. | Baton Rouge LA 70802 | | |
| | East Fairfields s/d lot 9 Sq 3 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated.   The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs.  However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing

on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 24.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Geronimo St** | 3438 Geronimo St. | $16,681.63 | $22,000.00 |
| **PNC Bank** | Baton Rouge LA 70805 | | |
| | Suburb Istrouma lot 9-C Sq 110 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 25.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Greenwell St** | 3328 Greenwell St. | $23,385.93 | $22,000.00 |
| **PNC Bank** | Baton Rouge LA 70805 | | |
| | Legion Village, lot 65 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-

appealable resolution occurs.  However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on  confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

### CLASS 26.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Henderson Ave.** | **5724 Henderson Ave.** | $25,619.99 | $22,000 |
| PNC Bank | **Baton Rouge LA 70805** | | |
| | **Legion Village s/d, lot 50** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property.  The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated.   The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs.  However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on  confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

### CLASS 27.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Henderson Ave.** | **5742 Henderson Ave.** | $28,286.76 | $22,000.00 |
| **Chase Mortgage** | **Baton Rouge LA 70805** | | |
| | **Legion Village, lot 53** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property.  The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated.   The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The

creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 28.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Jackson Ave.** | **4748 Jackson Ave.** | $undetermined | $22,000.00 |
| **SN Servicing Corp.** | **Baton Rouge LA 70805** | | |
| | **East Fairfields, Lot 25, Sq 5** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 29.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Lupine Ave.** | **2722 Lupine Ave.** | **$16,234.81** | **$22,000.000** |
| **PNC Bank** | **Baton Rouge LA 70805** | | |
| | **Standard Heights, lot 3 Sq 55** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed

Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on  confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 30.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Mohican St.** | **4051 Mohican St.** | $14,894.38 | $15,000 |
| PNC Bank | Baton Rouge LA 70805 | | |
| | Babin s/d, lot L sq 4 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated.  The Allowed Secured Claim shall be paid with simple interest at the rate of 4% in one hundred and twenty equal monthly installments commencing sixty days from entry of a final order of confirmation.. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs.

This class is impaired.

## CLASS 31.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Mohican St.** | **4135 Mohican St.** | $13,417.48 | See Exhibit B |
| PNC Bank | Baton Rouge LA 70805 | | |
| | Babin s/d, lot P, Sq 4 | | |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance

Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only one or two properties for which flood insurance proceeds were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only. Each of the claimants in this class hold a security interest against property that was a loss.

(a) The Reorganized Entity a*nd each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B. Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, *and* (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured *and* Unsecured Claims, *and promptly* provides an executed cancellation of its security interest.

(d) This Class is impaired.

(e) Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

(f) Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

## CLASS 32.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Mohican St.** | 4148 Mohican St. | **$14,447.56** | See Exhibit B |
| PNC Bank | Baton Rouge LA 70805 | | |
| | Babin s/d, lot 60, Sq 2 | | |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only one or two properties for which flood insurance proceeds were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only. Each of the claimants in this class hold a security interest against property that was a loss.

(a) The Reorganized Entity *and each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B. Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, *and* (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured *and* Unsecured Claims, *and promptly* provides an executed cancellation of its security interest.

(d) This Class is impaired.

**(e)** Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

**(f)** Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

### CLASS 33.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Mohican St.** | 4188 Mohican St. | $25,619.99 | See Exhibit B |
| PNC Bank | Baton Rouge LA 70805 | | |
| | Babin s/d, lot 62 Sq 2 | | |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only one or two properties for which flood insurance proceeds were released and that occurred as a

result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only. Each of the claimants in this class hold a security interest against property that was a loss.

(a) The Reorganized Entity a*nd each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B. Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, *and* (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured *and* Unsecured Claims, ***and promptly*** provides an executed cancellation of its security interest.

(d) This Class is impaired.

(e) Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

(f) Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall

execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

## CLASS 34.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| N. 30th St. | 1621 N. 30th St. | $undetermined | $0.00 |
| Seterus, Inc | Baton Rouge LA 70802 | | |
| | Suburb Bogan, lot 12, Sq 5 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid with simple interest at the rate of 4% in one hundred and twenty equal monthly installments commencing sixty days from entry of a final order of confirmation.. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full. The remaining unsecured portion of the claim held by each of the creditors in this class are moved to the General Unsecured Class of this plan.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs.

This class is impaired.

## CLASS 35.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| N. Foster Dr. | 4065 N. Foster Dr. | $23,832.74 | See Exhibit B |
| PNC Bank | Baton Rouge LA 70805 | | |
| | East Dayton s/d, lot 145 | | |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only one or two properties for which flood insurance proceeds were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining

structures, they remain liabilities only. Each of the claimants in this class hold a security interest against property that was a loss.

(a) The Reorganized Entity *and each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B. Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, *and* (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured *and* Unsecured Claims, *and promptly* provides an executed cancellation of its security interest.

(d) This Class is impaired.

(e) Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

(f) Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

**CLASS 36.**

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Ontario St.** | **3229 Ontario St.** | **$25,097.53** | **$22,000.00** |
| Citimortgage Inc. | **Baton Rouge LA 70807** | | |
| | **Drawford Addition lot 3 Sq 5 or E** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

**CLASS 37.**

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Osbourne Ave.** | **5444 Osbourne Ave.** | **$20,446.40** | **$22,000.00** |
| Chase Mortgage | **Baton Rouge LA 70805** | | |
| | **Dougherty Place, lot 24 Sq B** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing

on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 38.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Ozark St.** | **3864 Ozark St.** | **$24,490.49** | **$22,000.00** |
| PNC Bank | Baton Rouge LA 70805 | | |
| | New Dayton s/d, lot 13 Sq 18 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 39.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Perimeter** | **6849 Perimeter** | **$undetermined** | **$22,000.00** |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full. The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale

proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 40.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Prescott Rd.** | 5024 Prescott Rd | $24,224.22 | see exhibit B |
| Citimortgage Inc. | Baton Rouge LA 70805 | | |
| | East Dayton s/d, Lot 104 | | |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only one or two properties for which flood insurance proceeds were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only. Each of the claimants in this class hold a security interest against property that was a loss.

(a) The Reorganized Entity *and each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B. Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may

satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, ***and*** (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured ***and*** Unsecured Claims, ***and promptly*** provides an executed cancellation of its security interest.

(d) This Class is impaired.

(e) Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

(f) Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

## CLASS 41.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Ritterman Ave**<br>Chase Mortgage | 5339 Ritterman Ave,<br>Baton Rouge, LA 70805;<br>Dougherty Place s/d, lot 19, Sq E | $25,665.21 | see exhibit B |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only one or two properties for which flood insurance proceeds were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only.  Each of the claimants in this class hold a security interest against property that was a loss.

(a) The Reorganized Entity a*nd each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B.  Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, *and* (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured *and* Unsecured Claims, *and promptly* provides an executed cancellation of its security interest.

(d) This Class is impaired.

(e) Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

(f) Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

**CLASS 42.**

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Rhodes Ave.** | **2275 Rhodes Ave.** | $26,019.20 | $22,000.00 |
| **Ditech Financial LLC** | **Baton Rouge LA 70802** | | |
| | **Belfair Homes s/d, lot 415** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

**CLASS 43.**

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Sherwood St.** | **3958 Sherwood St.** | $14,299.12 | See Exhibit B |
| **PNC Bank** | **Baton Rouge LA 708085** | | |
| | **North Highland Estates, lot 246** | | |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only one or two properties for which flood insurance proceeds were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only.  Each of the claimants in this class hold a security interest against property that was a loss.

(a) The Reorganized Entity a*nd each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B.  Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, *and* (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured *and* Unsecured Claims, *and promptly* provides an executed cancellation of its security interest.

(d) This Class is impaired.

(e) Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

(f) Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

## CLASS 44.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Sherwood St.** | 4592 Sherwood St. | $23,194.26 | See Exhibit B |
| Seterus, Inc. | Baton Rouge LA 70805 | | |
| | Addition North Highlands s/d, lot 23, Sq 4 | | |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only one or two properties for which flood insurance proceeds were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only. Each of the claimants in this class hold a security interest against property that was a loss.

(a) The Reorganized Entity *and each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B. Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, *and* (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured *and* Unsecured Claims, *and promptly* provides an executed cancellation of its security interest.

(d) This Class is impaired.

**(e)** Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

**(f)** Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

## CLASS 45.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Shelly St** | 2845 Shelley St. | $14,447.56 | $22,000.00 |
| **PNC Bank** | Baton Rouge LA 0805 | | |
| | Delmont Place s/d lot 33 sq 8 | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

**CLASS 46.**

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Shelley St.** | **3577 Shelley St.** | $47,145.63 | $22,000.00 |
| **Chase Mortgage** | **Baton Rouge LA 70805** | | |
| | **North Highland Estates s/d, lot 57** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

**CLASS 47.**

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Shelley St.** | **4708 Shelley St.** | $21,239.96 | See Exhibit B |
| **PNC Bank** | **Baton Rouge LA 70805** | | |
| | **Addition North Highlands s/d lot 7 sq 10** | | |

This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only one or two properties for which flood insurance proceeds were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only.  Each of the claimants in this class hold a security interest against property that was a loss.

(a) The Reorganized Entity a*nd each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B.  Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

(b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, *and* (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured *and* Unsecured Claims, *and promptly* provides an executed cancellation of its security interest.

(d) This Class is impaired.

(e) Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

(f) Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

## CLASS 48.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Spedale St.** | **3848 Spedale St.** | **$27,408.30** | **$22,000.00** |
| **Chase Mortgage** | **Baton Rouge LA 0805** | | |
| | **A portion of lot 2 Fairacre Farms** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 49.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Sumrall Dr.** | **5074 Sumrall Dr.** | **$34,635.38** | **$22,000.00** |
| **Chase Mortgage** | **Baton Rouge LA 70811** | | |
| | **Glen Oaks s/d, lot 248** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing

on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

  This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 50.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Sycamore St.** | **3965 Sycamore St.** | **$26,029.50** | **See exhibit B** |
| **Ditech Financial LLC** | **Baton Rouge LA 70805** | | |
| | **Schorten Place s/d, lot 16, Sq 7** | | |

  This class consists of the Allowed Secured Claimants that each hold a security interest on immovable property that was damaged or lost during the massive flood in East Baton Rouge Parish and surrounding arears in August 2016. Each claim is secured by the identified immovable property that has only a post-flood "gutted" house or no structure if demolished by the City-Parish as part of its post-flood program. In addition, these claims are subject to litigation pursuant to the terms of this plan regarding the debtor's claims for Flood Insurance Proceeds that the debtor was unable to obtain for renovation or restoration of the subject properties.

  The flood insurance proceeds have not been negotiated or disbursed by the parties unless otherwise indicated on the attached **Exhibit B**. Prior to the filing of this case there were only one or two properties for which flood insurance proceeds were released and that occurred as a result of sanction motions filed in 2017 and 2018 in the Redeemed Properties Inc. chapter 11 case before its successor entity, One Hundred Fold, II, LLC, filed the captioned chapter 11 case.

  The Allowed Secured Claim for creditors in this class are hereby fixed as of the petition date of this case in the amount indicated on Plan Exhibit B. Based on the current condition of each immovable property there is no secured value assigned to the lots with or without remaining structures, they remain liabilities only. Each of the claimants in this class hold a security interest against property that was a loss.

  (a) The Reorganized Entity *and each Claimant in this Class is obligated by the terms of this Plan*, and shall apply the flood insurance proceeds to pay the Allowed Secured Claims in the amounts indicated on Exhibit B. Exhibit B reflects the balance owed to each creditor as of the petition date of this case in accordance with the previously modified terms in the confirmed chapter 11 case of this debtor as the Reorganized Debtor from the case of Redeemed Properties Inc., #09-10846 filed in the Middle District of Louisiana, United States Bankruptcy Court. Any and all flood insurance proceeds in excess of the amount reflected on Exhibit B shall be disbursed directly to the captioned chapter 11 debtor in possession contemporaneously with the offset or distribution to the creditor of the proceeds to pay its Allowed Secured Claim.

  (b) *By mutual agreement* of the debtor, the claimant, and all other named parties indicated on the applicable flood insurance disbursement check, the creditor may satisfy the Allowed Secured Claim fixed by this plan by offset or cash disbursement

in one lump sum from the flood insurance proceeds in the amount indicated on Exhibit B as the secured Claim Balance ***at any time prior to*** commencement of contested matters and proceedings proposed in the Claims and Litigation, Section E of this chapter 11 plan.

(c) However, the captioned debtor and its reorganized entity do hereby agree and shall waive any and all claims it asserts or may hold against each creditor who (1) votes in favor of the plan, ***and*** (2) accepts the proposed lump sum cash insurance proceeds in the amount reflected as the Claim Balance on Exhibit B in full settlement of its Allowed Secured ***and*** Unsecured Claims, ***and promptly*** provides an executed cancellation of its security interest.

(d) This Class is impaired.

**(e)** Adequate Protection Payments paid to this creditor by the debtor in possession prior to entry of the Order of Plan Confirmation shall be retained by the creditor and applied to reduce the balance of its Allowed Secured Claim effective upon confirmation of this plan.

**(f)** Creditors retaining an Allowed Unsecured Claim against the debtor in possession as of the entry of the Order of Confirmation of this Plan shall each be issued a new unsecured promissory note that reflects the terms of this chapter 11 plan. The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall execute any documentation promptly, and that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

## CLASS 51.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Terrace St** | **1824 Terrace St.** | **$27,408.30** | **$22,000.00** |
| **PNC Bank** | **Baton Rouge LA 70802** | | |
| | **Addition Suburb Swart, lot 60** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing

on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 52.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Underwood** | **4967 Underwood** | $26,029.50 | $22,000.00 |
| Seterus, Inc. | **Baton Rouge LA 70805** | | |
| | **Foster Heights s/d, lot 41** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

## CLASS 53.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Winbourne Ave.** | **3005/3013 Winbourne Ave.** | $27,042.91 | $22,000.00 |
| Ditech Financial LLC | **Baton Rouge LA 70805** | | |
| | **Rasalie Park, lot 11 Sq 1** | | |

This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-

appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

    This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

### CLASS 54.

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| **Winbourne Ave.** | **3027 Winbourne Ave.** | **$24,224.22** | **$22,000.00** |
| Seterus, Inc. | **Baton Rouge LA 70805** | | |
| | **Rosalie Park s/d, lot 13 &** | | |
| | **Western half lot 14, sq 1** | | |

    This class consists of the Allowed Secured Claim of the creditor holding a promissory note secured by a mortgage on the identified property. The *amount* of the Allowed Secured Claim is hereby fixed as of the petition date of this case in the amount indicated. The Allowed Secured Claim shall be paid one lump sum cash payment of $22,000.00 from the sale of the immovable property, subject to court approval by a final non-appealable order on the motion filed by the debtor in possession to sell the properties to this class. The funds shall be disbursed by the closing firm in full satisfaction of the Allowed Secured Claim held by each creditor. The creditor shall retain its security interest against the named collateral until this Allowed Secured Claim has been paid in full.

    The creditor is subject to the plan terms reflected below regarding "Litigation Claims" being pursued by the debtor in possession and its successor reorganized entity until a final non-appealable resolution occurs. However, the captioned debtor and its reorganized entity do hereby agree and shall waive all claims it asserts or may hold against each creditor in this class that (1) votes in favor of this plan, AND (2) indicates its acceptance of the lump sum cash sale proceeds in full settlement of its Allowed Secured **and** Unsecured Claim as of the first hearing on confirmation of this plan, **and** timely provides an executed cancellation of its security interest to undersigned counsel for the debtor in possession.

    This Class is impaired. The remaining unsecured portion of this creditor's claim shall be treated according to the terms within the General Unsecured Class of this plan.

### CLASS 55. GENERAL UNSECURED CLAIMS

    (A). Consists of unsecured creditors with Allowed Claim(s) under §502 of the Code in the amounts as of the petition date of the Chapter 11 case. These Allowed Unsecured Claims are hereby fixed and allowed as of entry of the Order of Confirmation in the amounts reflected on the attached **Exhibit C**.

    Any claims identified as "Undetermined", "pending Proof of Claim", or "disputed by debtor" on the Exhibit are currently anticipated to require further documentation or claim

litigation, to determine the allowed amount of the Unsecured Claim. A final order of the Bankruptcy Court will fix the allowed amount of all litigated claims unless the parties reach an agreement by consent to fix an allowed unsecured amount. In addition, any unsecured Proof of Claim filed as of the proof of claim deadline fixed by separate Order of this Court, and not objected to during the time provided by this Court, shall be deemed an Allowed Unsecured Claim for distribution under this Plan.

The Reorganized Entity is obligated by the terms of this Plan and shall pay the Allowed Unsecured Claims in full with simple interest at the rate of 1% per annum. The payment of the Allowed Amount of each Unsecured Claim in this class shall be disbursed in sixty (60) equal monthly installments commencing ninety (90) days from entry of the order of confirmation of this Chapter 11 Plan, *or in the discretion of the reorganized entity an Allowed Unsecured Claim as reflected on the attached Exhibit C may be paid in one lump sum payment of 25% of the Allowed Unsecured Claim within thirty (30) days of entry of a final non-appealable order of confirmation.*

(B). As an administrative convenience, the Reorganized Entity may pay the Allowed Amount of "small claims," within thirty (30) days of confirmation. These "Administrative Convenience Claims" would include claimants whose *distribution* will be less than $100.00 total.

(C). Stock Option: Alternatively, *at the election of each creditor that holds an unsecured claim*, such claimant may elect to receive stock/membership interest in the Reorganized Entity in lieu of the cash Plan Payments. **This election must be made in writing and be noticed to undersigned counsel for the debtor, no later than the deadline fixed by the Court for submission of ballots accepting or rejecting this Plan.** The amount of stock/membership interest shall be one share for every $1,000.00 dollars of the Allowed Unsecured debt upon confirmation of this plan.

(**D**). See Exhibit C that reflects the amount of the Unsecured Allowed Claim for each of these creditors in this class.

(**E**). This class is impaired.

## CLASS 56.  EQUITY CLAIMS

Consists of the equity interests in the debtor.  Jerry L. Baker, Jr., Manager, owns 100% of the equity interest of the debtor. The claimant in this Class as of entry of the order of confirmation of this plan shall receive no cash distribution on account of his equity interest unless and until all creditors holding Allowed Claims have been paid according to the terms of this plan.

## ARTICLE II.  ADDITIONAL PLAN PROVISIONS

### A.  CRAMDOWN

Please be advised that in the event all of the applicable requirements of Subsection (d) of 11 U.S.C. §1129 are met other than Paragraph 8, the debtor requests that Court to confirm its Plan over the dissenting creditors pursuant to 11 U.S.C. 1129(b).

### B.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Executory contracts and unexpired leases shall be treated as provided if designated into a separate class herein, but to the extent not separately classified in this Chapter 11 Plan, such lease or executory contract is assumed herein, and the performance and benefits under the contract shall transfer from the Debtor in possession to the Reorganized Debtor upon confirmation of the debtor's chapter 11 plan. The rights under the executory contracts and unexpired leases shall be assumed and assigned to the Reorganized Entity for performance by the Reorganized Entity in accordance with the terms of the contract(s).

The debtor's ordinary course of business is the leasing of residential homes to individuals on a month to month basis once the original term contract expires or defaults. As of hearing on plan confirmation, any and all leases currently within an unexpired term, and not in default, as of confirmation shall be assumed and shall be identified at the commencement of the hearing on confirmation of this plan by an exhibit listing any and all such contracts. It is anticipated there may be no one-year term lease contracts as of hearing on confirmation due to the month to month manner by which the debtor's customer base primarily functions.  See **Exhibit D** attached for the currently existing leases with tenants.

C.  **VALUATION OF SECURED CLAIMS**

In the event any creditor contests the value of a secured claim as proposed by the debtor, the creditor must file a timely objection to plan confirmation, otherwise the value of the claim will be fixed pursuant to §506(a) upon hearing in accordance with the terms of the Plan, *whether or not the creditor has filed a proof of claim in the captioned case and whether or not the creditor has asserted a different value in a filed Proof of Claim*. In the event an objection to the value proposed in the Plan, the Court will be requested to take evidence, and determine the amount of the Allowed Secured Claim at the hearing pursuant to Bankruptcy Rule 3012, or in connection with such other proceedings as it determines appropriate.

D.  **INTERIM PAYMENTS AND ADEQUATE PROTECTION PAYMENTS**

Any and all payments made by the debtor in possession during the bankruptcy case, prior to entry of the Order of Confirmation of this Chapter 11 Plan, shall be retained by the creditor and *applied first to principal* to reduce the balance of sums owed on the creditor's Allowed Secured Claim determined upon confirmation of this chapter 11 plan.

E.  **LITIGATION OF CLAIMS**

(1) CLAIMS REGARDING FLOOD INSURANCE PROCEEDS:

To the extent not settled prior to hearing on confirmation, the reorganized entity and the debtor shall pursue Litigation for recovery of flood insurance proceeds and related damages against the creditors who assert an interest in flood insurance proceeds. To the extent these disputes are not resolved by the hearing on confirmation of this plan, or by prior agreement of the parties, the debtor and/or its reorganized entity shall commence contested matters and adversary proceedings to address the claims against these creditors in Class 4 within fourteen (14) days following commencement of the first hearing on confirmation of this plan.

(2) CLAIMS REGARDING CREDITOR'S FAILURE TO COMPLY THE TERMS OF MODIFICATION OF ITS CLAIMS BY PRIOR CONFIRMED CHAPTER 11 PLANS

To the extent not settled prior to commencement of the hearing on confirmation, the reorganized entity and the debtor shall commence and pursue Litigation as contested

matters, objections to proof of claim, and adversary proceedings against all creditors in asserting an interest in flood insurance proceeds, regarding the failure to comply with the previously modified terms in prior chapter 11 cases regarding the claimant's security interest, and the damages that occurred as a result.

## F.  IMPLEMENTATION OF PLAN OF REORGANIZATION

(1) All creditors holding unpaid Allowed Claims against the debtor in possession, as of the entry of the Order of Confirmation of this Plan, *other than taxing authorities*, shall be issued a promissory note executed by the Reorganized Entity in favor of the creditor representing the amount of the reorganized obligations and terms of future repayment provided in this Chapter 11 Plan. The obligation created by this Chapter 11 Plan will be evidenced by issuance of the promissory note payable to such creditor in an amount representing the creditors' pro rata share of each distribution as provided within the applicable Class(es).

(2) The debtor in possession, the Reorganized Entity, and the holders of Allowed Claims shall promptly execute any documentation that is reasonable and necessary to effectuate the terms of this Chapter 11 Plan.

(3) **Creditors may elect to receive a lump sum distribution of cash in the amount $500.00** *if the creditor would prefer to receive no monthly distributions* **on its Allowed** *Unsecured* **Claim amount it may hold as of confirmation of the plan.  To make this election the creditor or its legal counsel must notify undersigned counsel for the debtor in writing no later than the deadline for objection to confirmation of this plan.**

(4) As an employment incentive for Mr. Jerry L. Baker, Jr. to operate this business and implement the debtor's chapter 11 plan terms, he shall be issued stock/membership interest in the Reorganized Entity equivalent to two thousand (2,000) shares of the ten thousand (10,000) shares to be established for the Reorganized Entity.

(5) As further consideration for this stock or membership interest, Mr. Baker agrees to serve as acting officer and/or managing member of the Reorganized Entity pending the first meeting of shareholders or members to be held at 10:00 a.m., on the first Friday following sixty (60) days from entry of the order of confirmation of this plan.

The shareholder/member meeting shall be held at the office of Attorney Pamela Magee, LLC, 11745 Bricksome Ave, Suite B-1, Baton Rouge LA 70816.   Notice is hereby given that the elections of company management shall occur on that date.

## G.   DEFINITIONS AND TERMS OF THIS PLAN OF REORGANIZATION

The following are defined terms upon which this Plan is proposed:

Plan - the Chapter 11 Plan filed by One Hundred Fold, II, LLC, the debtor in possession of this chapter 11 case.

Allowed Secured Claim 506(a) - a claim allowed pursuant to 11 U.S.C. Section 506(a) of the Bankruptcy Code. A claim allowed by Order of the United States Bankruptcy Court, Middle District of Louisiana.

Allowed Over-Secured Claim 506(b) - a claim allowed pursuant to 11 U.S.C. Section 506(b) of the Bankruptcy Code. A claim allowed by Order of the United States Bankruptcy Court, Middle District of Louisiana.

Allowed Unsecured Claim - a claim allowed by Order of the United States Bankruptcy Court, Middle District of Louisiana.

Entry of the Order of Confirmation - the date upon which an Order confirming this Chapter 11 Plan of Reorganization is entered into the Docket of the captioned case.

Debtor in Possession – One Hundred Fold, II, LLC.

Reorganized Entity - the entity or entities that shall be formed under the terms of this Plan of Reorganization, and which shall assume the assets and corresponding obligations created by this Plan.

Effective Date - when the Order confirming this Chapter 11 Plan is a final, non-appealable Order.

## H.   PAYMENT OF STATUTORY FEES of the United States Trustee

All fees payable pursuant to Section 1930(a) of Title 28 of the United States Code (U.S. Trustee Fees), will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U. S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

**THE FOREGOING AMENDED CHAPTER 11 PLAN**
**IS SUBMITTED ON BEHALF OF**
**ONE HUNDRED FOLD, II, LLC BY**
<u>**s/Jerry L. Baker Jr.**</u>
**Jerry L. Baker, Jr., Manager**

**ON THIS 25ᵗʰ DAY OF JANUARY, 2019.**

RESPECTFULLY SUBMITTED,
Attorney Pamela Magee, LLC

<u>s/ Pamela Magee</u>
PAMELA MAGEE #17476
P O BOX 59 BATON ROUGE LA 70821
TELEPHONE: (225) 367-4662
EMAIL: pam@AttorneyPamMagee.com
Attorney for One Hundred Fold, II, LLC.

# PLAN EXHIBIT A
# ALLOWED SECURED CLAIMS

| Street Name/# | Address/Lot | Petition date balance | Allowed Secured Claim |
|---|---|---|---|
| 69th Ave. Ditech Financial LLC | 2938 69th Ave. Baton Rouge LA 70807 Bank Addition, lot 40-A, Sq 53 | $28,655.63 | $22,000.00 |
| 70th Ave. Seterus Inc. | 2915 70th Ave. Baton Rouge LA 70807 Bank Addition Lots 3&4, Sq 70 | $20,729.93 | $22,000.00 |
| Adams Ave. Chase Mortgage | 5612 Adams Ave. Baton Rouge LA 70805 East Fairfields, lot 20 Sq 25 | $27,087.16 | $22,000.00 |
| Bomer Dr. Chase Mortgage | 7351 Bomer Dr. Baton Rouge LA 708012 Greendale s/d lot 87 | $29,589.20 | $22,000.00 |
| Byron Ave. Chase Mortgage | 5153 Byron Ave. Baton Rouge LA 70805 Addition North Highland, lot 14 Sq 13 | $24,775.33 | $15,000.00 |
| Chipley St. PNC Bank | 920 Chipley St. Baker, LA 70714 Park Ridge Sec II, lot 66 | $47,072.28 | $22,000.00 |
| Clayton Dr Chase Mortgage | 3749 Clayton Dr, Baton Rouge, LA 70805; North Highlands Estates lot 198 | $23,498.29 | $22,000.00 |
| Clayton Dr. Wells Fargo Home Mortgage | 4060 Clayton Dr. Baton Rouge LA 70805 North Highland Estates portion #206 & 217 | $32,964.40 | $15,000.00 |
| Clayton Dr. Seterus, Inc | 4720 Clayton Dr. Baton Rouge LA 70805 Addition North Highlands Lot 8, Sq 11 | $35,129.16 | See Exhibit B |
| Clayton Dr. Chase Mortgage Baton | 5056 Clayton Dr. Rouge LA 70805 Addition North Highland, Lot 7 & east 10'Lot 6, Sq 19 | $27,756.18 | See Exhibit B |
| Clayton Dr. Seterus, Inc. | 5350 Clayton Dr. Baton Rouge LA 70805 Suburb Greaud, lot 8 | $30,229.47 | See Exhibit B |

| | | | |
|---|---|---|---|
| **Curtis St.**<br>Citimortgage Inc. | 2741 Curtis St.<br>Baton Rouge LA 70807<br>Roosevelt Place, lot 17 Sq 9 | $26,928,49 | $22,000.00 |
| **Dalton St.**<br>Wells Fargo Home<br>Mortgage | 3576 Dalton St.<br>Baton Rouge LA 70805<br>Highland Gardens Lot 122 | $32,947.31 | $22,000.00 |
| **Dayton St.**<br>PNC Bank | 2815 Dayton St.<br>Baton Rouge LA 70805<br>Dayton s/d, lot 11 Sq 2 | $24,726.37 | $22,000.00 |
| **Dayton St.**<br>PNC Bank | 3402 Dayton St.<br>Baton Rouge LA 70805<br>Plank Road s/d lot 4 | $14,000.75 | $22,000.00 |
| **Eleanor Dr.**<br>Citimortgage Inc. | 3842 Eleanor Dr.<br>Baton Rouge LA 70805<br>East Dayton, lot 88 | $21,422.35 | See Exhibit B |
| **Elm Dr.**<br>PNC Bank | 2908 Elm Dr.<br>Baton Rouge LA 70805<br>South Dayton s/d, lot 37 | $26,514.67 | See Exhibit B |
| **Erie St.**<br>Wells Fargo Home<br>Mortgage | 2948 Erie St.<br>Baton Rouge LA 70805<br>Victory Place, lot 42, Sq 2 | $24,877.77 | $15,000.00 |
| **Erie St.**<br>Wells Fargo Home<br>Mortgage | 3001 Erie St.<br>Baton Rouge LA 70805<br>Victory Place, lot 16, Block 1 | $26,675.35 | $0.00 |
| **Fairfields Ave.**<br>PNC Bank | 3406 Fairfields Ave.<br>Baton Rouge LA 70802<br>Belfort s/d lot 156 | $22,939.12 | $22,000.00 |
| Fairfields Ave.<br>Seterus, Inc. | 4911 Fairfields Ave.<br>Baton Rouge LA 70802<br>East Fairfields s/d lot 9 Sq 3 | $21,652.27 | $22,000.00 |
| **Geronimo St**<br>PNC Bank | 3438 Geronimo St.<br>Baton Rouge LA 70805<br>Suburb Istrouma lot 9-C Sq 110 | $16,681.63 | $22,000.00 |
| **Greenwell St**<br>PNC Bank | 3328 Greenwell St.<br>Baton Rouge LA 70805<br>Legion Village, lot 65 | $23,385.93 | $22,000.00 |
| **Henderson Ave.**<br>PNC Bank | 5724 Henderson Ave.<br>Baton Rouge LA 70805<br>Legion Village s/d, lot 50 | $25,619.99 | $22,000.00 |

| | | | |
|---|---|---|---|
| **Henderson Ave.**<br>Chase Mortgage | 5742 Henderson Ave. (5724?)<br>Baton Rouge LA 70805<br>Legion Village, lot 53 | $28,286.76 | $22,000.00 |
| **Jackson Ave.**<br>SN Servicing Corp. | 4748 Jackson Ave.<br>Baton Rouge LA 70805<br>East Fairfields, Lot 25, Sq 5 | $undetermined | $22,000.00 |
| **Lupine Ave.**<br>PNC Bank | 2722 Lupine Ave.<br>Baton Rouge LA 70805<br>Standard Heights, lot 3 Sq 55 | $16,234.81 | $22,000.000 |
| **Mohican St.**<br>PNC Bank | 4051 Mohican St.<br>Baton Rouge LA 70805<br>Babin s/d, lot L sq 4 | $14,894.38 | $15,000.00 |
| **Mohican St.**<br>PNC Bank | 4135 Mohican St.<br>Baton Rouge LA 70805<br>Babin s/d, lot P, Sq 4 | $13,417.48 | See Exhibit B |
| **Mohican St.**<br>PNC Bank | 4148 Mohican St.<br>Baton Rouge LA 70805<br>Babin s/d, lot 60, Sq 2 | $14,447.56 | See Exhibit B |
| **Mohican St.**<br>PNC Bank | 4188 Mohican St.<br>Baton Rouge LA 70805<br>Babin s/d, lot 62 Sq 2 | $25,619.99 | See Exhibit B |
| **N. 30th St.**<br>Seterus, Inc | 1621 N. 30th St.<br>Baton Rouge LA 70802<br>Suburb Bogan, lot 12, Sq 5 | $24,224.22 | $0.00 |
| **N. Foster Dr.**<br>PNC Bank | 4065 N. Foster Dr.<br>Baton Rouge LA 70805<br>East Dayton s/d, lot 145 | $23,832.74 | See Exhibit B |
| **Ontario St.**<br>Citimortgage Inc. | 3229 Ontario St.<br>Baton Rouge LA 70807<br>Drawford Addition lot 3 Sq 5 or E | $25,097.53 | $22,000.00 |
| **Osbourne Ave.**<br>Chase Mortgage | 5444 Osbourne Ave.<br>Baton Rouge LA 70805<br>Dougherty Place, lot 24 Sq B | $20,446.40 | $22,000.00 |
| **Ozark St.**<br>PNC Bank | 3864 Ozark St.<br>Baton Rouge LA 70805<br>New Dayton s/d, lot 13 Sq 18 | $24,490.49 | $22,000.00 |
| **Perimeter** | 6849 Perimeter | $undetermined | $22,000.00 |

| | | | |
|---|---|---|---|
| **Prescott Rd.**<br>Citimortgage Inc. | 5024 Prescott Rd<br>Baton Rouge LA 70805<br>East Dayton s/d, Lot 104 | $24,224.22 | see exhibit B |
| **Ritterman Ave**<br>Chase Mortgage | 5339 Ritterman Ave,<br>Baton Rouge, LA 70805;<br>Dougherty Place s/d, lot 19, Sq E | $25,665.21 | see exhibit B |
| **Rhodes Ave.**<br>Ditech Financial LLC | 2275 Rhodes Ave.<br>Baton Rouge LA 70802<br>Belfair Homes s/d, lot 415 | $26,019.20 | $22,000.00 |
| **Sherwood St.**<br>PNC Bank | 3958 Sherwood St.<br>Baton Rouge LA 708085<br>North Highland Estates, lot 246 | $14,299.12 | See Exhibit B |
| **Sherwood St.**<br>Seterus, Inc. | 4592 Sherwood St.<br>Baton Rouge LA 70805<br>Addition North Highlands s/d, lot 23, Sq 4 | $23,194.26 | See Exhibit B |
| **Shelly St**<br>PNC Bank | 2845 Shelley St.<br>Baton Rouge LA 0805<br>Delmont Place s/d lot 33 sq 8 | $14,447.56 | $22,000.00 |
| **Shelley St.**<br>Chase Mortgage | 3577 Shelley St.<br>Baton Rouge LA 70805<br>North Highland Estates s/d, lot 57 | $47,145.63 | $22,000.00 |
| **Shelley St.**<br>PNC Bank | 4708 Shelley St.<br>Baton Rouge LA 70805<br>Addition North Highlands s/d lot 7 sq 10 | $21,239.96 | See Exhibit B |
| **Spedale St.**<br>Chase Mortgage | 3848 Spedale St.<br>Baton Rouge LA 0805<br>A portion of lot 2 Fairacre Farms | $27,408.30 | $22,000.00 |
| **Sumrall Dr.**<br>Chase Mortgage | 5074 Sumrall Dr.<br>Baton Rouge LA 70811<br>Glen Oaks s/d, lot 248 | $34,635.38 | $22,000.00 |
| **Sycamore St.**<br>Ditech Financial LLC | 3965 Sycamore St.<br>Baton Rouge LA 70805<br>Schorten Place s/d, lot 16, Sq 7 | $26,029.50 | See exhibit B |
| **Terrace St**<br>PNC Bank | 1824 Terrace St.<br>Baton Rouge LA 70802<br>Addition Suburb Swart, lot 60 | $27,408.30 | $22,000.00 |
| **Underwood**<br>Seterus, Inc. | 4967 Underwood<br>Baton Rouge LA 70805<br>Foster Heights s/d, lot 41 | $26,029.50 | $22,000.00 |

| | | | |
|---|---|---|---|
| **Winbourne Ave.**<br>**Ditech Financial LLC** | 3005/3013 Winbourne Ave.<br>Baton Rouge LA 70805<br>Rasalie Park, lot 11 Sq 1 | $27,042.91 | $22,000.00 |
| **Winbourne Ave.**<br>**Seterus, Inc.** | 3027 Winbourne Ave.<br>Baton Rouge LA 70805<br>Rosalie Park s/d, lot 13 &<br>Western half lot 14, sq 1 | $24,224.22 | $22,000.00 |

# PLAN EXHIBIT B

## SECURED CLAIMAINTS HOLDING FLOOD INSURANCE PROCEEDS

| MORTGAGE CLAIMANT: | PROPERTY ADDRESS: | INSURANCE PROCEEDS | CLAIM BALANCE AS OF 3/1/18 |
|---|---|---|---|
| 1. Seterus Inc. | 4720 Clayton | $48,039.87 | $35,129.16 |
| 2. Chase Mortgage | 5056 Clayton | $33,064.85 | $27,756.18 |
| 3. Citi Mortgage, Inc | 3842 Eleanor Dr. | $36,000.00 | $21,422.35 |
| 4. PNC Mortgage | 2908 Elm St. | $50,000.00 | $26,514.67 |
| 5. PNC Mortgage | 4135 Mohican St. | $50,000.00 | $13,417.48 |
| 6. PNC Mortgage | 4148 Mohican St | $50,750.00 | $14,447.56 |
| 7. PNC Mortgage | 4188 Mohican St | $59,200.00 | $25,619.99 |
| 8. PNC Mortgage | 4065 N. Foster Dr. | $45,000.00 | $23,832.74 |
| 9. CitiMortgage | 5024 Prescott Rd. | $undetermined | $24,224.22 |
| 10. Chase Mortgage | 5339 Ritterman Ave, | $47,500.00 | $25,665.21 |
| 11. PNC Mortgage | 4708 Shelley St. | $45,000.00 | $21,239.96 |
| 12. PNC Mortgage | 3958 Sherwood St. | $45,000.00 | $14,299.26 |
| 13. Seterus, Inc. | 4592 Sherwood | $45,000.00 | $23,194.26 |
| 14. DiTech Financial | 3965 Sycamore St. | $29,474.00 | $26,029.50 |

# PLAN EXHIBIT C
## AMOUNT OF ALLOWED UNSECURED CLAIMS*

| Street Name/ | Address/ Lot | UNSECURED CLAIM AS ALLOWED* | Petition Date Claim | Collateral Value |
|---|---|---|---|---|
| **69th Ave.** <br> Ditech Financial LLC | 2938 69th Ave. <br> Baton Rouge LA 70807 <br> Bank Addition, lot 40-A, Sq 53 | $6,655.63 | $28,655.63 | $22,000.00 |
| **70th Ave.** <br> Seterus Inc. | 2915 70th Ave. <br> Baton Rouge LA 70807 <br> Bank Addition Lots 3&4, Sq 70 | $0.00 | $20,729.93 | $22,000.00 |
| **Adams Ave.** <br> Chase Mortgage | 5612 Adams Ave. <br> Baton Rouge LA 70805 <br> East Fairfields, lot 20 Sq 25 | $5,087.16 | $27,087.16 | $22,000.00 |
| **Bomer Dr.** <br> Chase Mortgage | 7351 Bomer Dr. <br> Baton Rouge LA 708012 <br> Greendale s/d lot 87 | $7,589.20 | $29,589.20 | $22,000.00 |
| **Byron Ave.** <br> Chase Mortgage | 5153 Byron Ave. <br> Baton Rouge LA 70805 <br> Addition North Highland, lot 14 Sq 13 | $9,775.33 | $24,775.33 | $15,000.00 |
| **Chipley St.** <br> PNC Bank | 920 Chipley St. <br> Baker, LA 70714 <br> Park Ridge Sec II, lot 66 | $25,072.28 | $27,072.28 | $22,000.00 |
| **Clayton Dr** <br> Chase Mortgage | 3749 Clayton Dr, <br> Baton Rouge, LA 70805; <br> North Highlands Estates lot 198 | $1,498.29 | $23,498.29 | $22,000.00 |
| **Clayton Dr.** <br> Wells Fargo Home Mortgage | 4060 Clayton Dr. <br> Baton Rouge LA 70805 <br> North Highland Estates portion #206 & 217 | $17,964.40 | $32,964.40 | $15,000.00 |
| **Clayton Dr.** <br> Seterus, Inc | 4720 Clayton Dr. <br> Baton Rouge LA 70805 <br> Addition North Highlands Lot 8, Sq 11 | $0.00 | $35,129.16 | see exhibit B |
| **Clayton Dr.** <br> Chase Mortgage Baton | 5056 Clayton Dr. <br> Rouge LA 70805 <br> Addition North Highland, <br> Lot 7 & east 10'Lot 6, Sq 19 | $0.00 | $27,756.18 | see exhibit B |

Page 1 of 5

| | | | | |
|---|---|---|---|---|
| **Clayton Dr.**<br>Seterus, Inc. | 5350 Clayton Dr.<br>Baton Rouge LA 70805<br>Suburb Greaud, lot 8 | $8,229.47 | $30,229.47 | $22,000.00 |
| **Curtis St.**<br>Citimortgage Inc. | 2741 Curtis St.<br>Baton Rouge LA 70807<br>Roosevelt Place, lot 17 Sq 9 | $4,928.49 | $26,928,49 | $22,000.00 |
| **Dalton St.**<br>Wells Fargo Home<br>Mortgage | 3576 Dalton St.<br>Baton Rouge LA 70805<br>Highland Gardens Lot 122 | $10,947.31 | $32,947.31 | $22,000.00 |
| **Dayton St.**<br>PNC Bank | 2815 Dayton St.<br>Baton Rouge LA 70805<br>Dayton s/d, lot 11 Sq 2 | $2,726.37 | $24,726.37 | $22,000.00 |
| **Dayton St.**<br>PNC Bank | 3402 Dayton St.<br>Baton Rouge LA 70805<br>Plank Road s/d lot 4 | $0.00 | $14,000.75 | $15,000.00 |
| **Eleanor Dr.**<br>Citimortgage Inc. | 3842 Eleanor Dr.<br>Baton Rouge LA 70805<br>East Dayton, lot 88 | $0.00 | $21,422.35 | see exhibit B |
| **Elm Dr.**<br>PNC Bank | 2908 Elm Dr.<br>Baton Rouge LA 70805<br>South Dayton s/d, lot 37 | $0.00 | $26,514.67 | see exhibit B |
| **Erie St.**<br>Wells Fargo Home<br>Mortgage | 2948 Erie St.<br>Baton Rouge LA 70805<br>Victory Place, lot 42, Sq 2 | $9,877.77 | $24,877.77 | $15,000.00 |
| **Erie St.**<br>Wells Fargo Home<br>Mortgage | 3001 Erie St.<br>Baton Rouge LA 70805<br>Victory Place, lot 16, Block 1 | $undetermined | $26,675.35 | $0.00 |
| **Fairfields Ave.**<br>PNC Bank | 3406 Fairfields Ave.<br>Baton Rouge LA 70802<br>Belfort s/d lot 156 | $939.12 | $22,939.12 | $22,000.00 |
| **Fairfields Ave.**<br>Seterus, Inc. | 4911 Fairfields Ave.<br>Baton Rouge LA 70802<br>East Fairfields s/d lot 9 Sq 3 | $0.00 | $21,652.27 | $22,000.00 |
| **Geronimo St**<br>PNC Bank | 3438 Geronimo St.<br>Baton Rouge LA 70805<br>Suburb Istrouma lot 9-C Sq 110 | $1,681.93 | $16,681.63 | $22,000.00 |
| **Greenwell St**<br>PNC Bank | 3328 Greenwell St.<br>Baton Rouge LA 70805<br>Legion Village, lot 65 | $1,385.94 | $23,385.93 | $22,000.00 |

| | | | | |
|---|---|---|---|---|
| **Henderson Ave.**<br>PNC Bank | 5724 Henderson Ave.<br>Baton Rouge LA 70805<br>Legion Village s/d, lot 50 | $3,619.99 | $25,619.99 | $22,000.00 |
| **Henderson Ave.**<br>Chase Mortgage | 5742 Henderson Ave.<br>Baton Rouge LA 70805<br>Legion Village, lot 53 | $6,286.76 | $28,286.76 | $22,000.00 |
| **Jackson Ave.**<br>SN Servicing Corp. | 4748 Jackson Ave.<br>Baton Rouge LA 70805<br>East Fairfields, Lot 25, Sq 5 | $0.00 | $determined | $22,000.00 |
| **Lupine Ave.**<br>PNC Bank | 2722 Lupine Ave.<br>Baton Rouge LA 70805<br>Standard Heights, lot 3 Sq 55 | 0.00 | $16,234.81 | $22,000.00 |
| **Mohican St.**<br>PNC Bank | 4051 Mohican St.<br>Baton Rouge LA 70805<br>Babin s/d, lot L sq 4 | $0.00 | $14,894.38 | $15,000.00 |
| **Mohican St.**<br>PNC Bank | 4135 Mohican St.<br>Baton Rouge LA 70805<br>Babin s/d, lot P, Sq 4 | $0.00 | $13,417.48 | see exhibit B |
| **Mohican St.**<br>PNC Bank | 4148 Mohican St.<br>Baton Rouge LA 70805<br>Babin s/d, lot 60, Sq 2 | $0.00 | $14,447.56 | see exhibit B |
| **Mohican St.**<br>PNC Bank | 4188 Mohican St.<br>Baton Rouge LA 70805<br>Babin s/d, lot 62 Sq 2 | $0.00 | $25,619.99 | see exhibit B |
| **N. 30th St.**<br>Seterus, Inc | 1621 N. 30th St.<br>Baton Rouge LA 70802<br>Suburb Bogan, lot 12, Sq 5 | $undetermined | $24,224.22 | $0.00 |
| **N. Foster Dr.**<br>PNC Bank | 4065 N. Foster Dr.<br>Baton Rouge LA 70805<br>East Dayton s/d, lot 145 | $0.00 | $23,832.74 | see exhibit B |
| **Ontario St.**<br>Citimortgage Inc. | 3229 Ontario St.<br>Baton Rouge LA 70807<br>Drawford Addition lot 3 Sq 5 or E | $3,097.53 | $25,097.53 | $22,000.00 |
| **Osbourne Ave.**<br>Chase Mortgage | 5444 Osbourne Ave.<br>Baton Rouge LA 70805<br>Dougherty Place, lot 24 Sq B | $0.00 | $20,446.40 | $22,000.00 |
| **Ozark St.**<br>PNC Bank | 3864 Ozark St.<br>Baton Rouge LA 70805<br>New Dayton s/d, lot 13 Sq 18 | $2,490.49 | $24,490.49 | $22,000.00 |

| | | | | |
|---|---|---|---|---|
| **Prescott Rd.**<br>Citimortgage Inc. | 5024 Prescott Rd<br>Baton Rouge LA 70805<br>East Dayton s/d, Lot 104 | $0.00 | $24,224.22 | see exhibit B |
| **Perimeter St** | 6849 Perimeter St. | $0.00 | $22,000.00 | $22,000.00 |
| **Ritterman Ave**<br>Chase Mortgage | 5339 Ritterman Ave,<br>Baton Rouge, LA 70805;<br>Dougherty Place s/d, lot 19, Sq E | $0.00 | $25,665.21 | see exhibit B |
| **Rhodes Ave.**<br>Ditech Financial LLC | 2275 Rhodes Ave.<br>Baton Rouge LA 70802<br>Belfair Homes s/d, lot 415 | $4,019.20 | $26,019.20 | $22,000.00 |
| **Sherwood St.**<br>PNC Bank | 3958 Sherwood St.<br>Baton Rouge LA 708085<br>North Highland Estates, lot 246 | $0.00 | $14,299.12 | see exhibit B |
| **Sherwood St.**<br>Seterus, Inc. | 4592 Sherwood St.<br>Baton Rouge LA 70805<br>Addition North Highlands s/d, lot 23, Sq 4 | $0.00 | $23,194.26 | see exhibit B |
| **Shelly St**<br>PNC Bank | 2845 Shelley St.<br>Baton Rouge LA 0805<br>Delmont Place s/d lot 33 sq 8 | $0.00 | $14,447.56 | $22,000.00 |
| **Shelley St.**<br>Chase Mortgage | 3577 Shelley St.<br>Baton Rouge LA 70805<br>North Highland Estates s/d, lot 57 | $25,145.63 | $47,145.63 | $22,000.00 |
| **Shelley St.**<br>PNC Bank | 4708 Shelley St.<br>Baton Rouge LA 70805<br>Addition North Highlands s/d lot 7 sq 10 | $0.00 | $21,239.96 | see exhibit B |
| **Spedale St.**<br>Chase Mortgage | 3848 Spedale St.<br>Baton Rouge LA 0805<br>A portion of lot 2 Fairacre Farms | $5,498.30 | $27,408.30 | $22,000.00 |
| **Sumrall Dr.**<br>Chase Mortgage | 5074 Sumrall Dr.<br>Baton Rouge LA 70811<br>Glen Oaks s/d, lot 248 | $12,635.38 | $34,635.38 | $22,000.00 |
| **Sycamore St.**<br>Ditech Financial LLC | 3965 Sycamore St.<br>Baton Rouge LA 70805<br>Schorten Place s/d, lot 16, Sq 7 | $0.00 | $26,029.50 | see exhibit B |
| **Terrace St**<br>PNC Bank | 1824 Terrace St.<br>Baton Rouge LA 70802<br>Addition Suburb Swart, lot 60 | $5,408.30 | $27,408.30 | $22,000.00 |
| **Underwood**<br>Seterus, Inc. | 4967 Underwood<br>Baton Rouge LA 70805<br>Foster Heights s/d, lot 41 | $4,029.50 | $26,029.50 | $22,000.00 |

| | | | | |
|---|---|---|---|---|
| **Winbourne Ave.**<br>Ditech Financial LLC | 3005/3013 Winbourne Ave.<br>Baton Rouge LA 70805<br>Rasalie Park, lot 11 Sq 1 | $5,042.91 | $27,042.91 | $22,000.00 |
| **Winbourne Ave.**<br>Seterus, Inc. | 3027 Winbourne Ave.<br>Baton Rouge LA 70805<br>Rosalie Park s/d, lot 13 &<br>Western half lot 14, sq 1 | $2,224.22 | $24,224.22 | $22,000.00 |

# PLAN EXHIBIT D
# TENANT LEASES

Property/Tenant

2938 69th Ave.
Baton Rouge LA 70807
Bank Addition, lot 40-A, Sq 53
Tamara Williams

2915 70th
Baton Rouge LA 70805
Jennings Vessell

5612 Adams Ave.
Baton Rouge LA 70805
East Fairfields, lot 20 Sq 25
Loritta Jackson

7351 Bomer Dr.
Baton Rouge LA 708012
Greendale s/d lot 87
Carrie Arbuthnot

5153 Byron
Baton Rouge LA 70805
Asheria Turner

920 Chipley St.
Baker, LA 70714
Park Ridge Sec II, lot 66
Kecia Coleman

3749 Clayton Dr,
Baton Rouge, LA 70805;
North Highlands Estates lot 198
Jeremiah Morris

5350 Clayton Dr.
Baton Rouge LA 70805
Suburb Greaud, lot 8
Reginald Butler

2741 Curtis
Baton Rouge LA 70805
Sareka Kirt

3576 Dalton
Baton Rouge LA 70805
Taj Ely

2815 Dayton
Baton Rouge LA
Joshua Holley

3402 Dayton St.
Baton Rouge LA 70805
Plank Road s/d lot 4
Brenda Pender

3842 Eleanor
Baton Rouge LA 70805
Adrian Johnson

2948 Erie St.
Baton Rouge LA 70805
Victory Place, lot 42, Sq 2
Destiny Jones

3406 Fairfield
Baton Rouge LA 70805
Kirrasha Nicholas

4911 Fairfields
Baton Rouge LA 70805
Deadria Smith

3438 Geronimo
Baton Rouge LA 70805
Glenda Stills

3328 Greenwell St.
Baton Rouge LA 70805
Legion Village, lot 65
Johnnie Deolouet

5742 Henderson Ave.
Baton Rouge LA 70805
Legion Village, lot 53
Kenneth Palmer

4748 Jackson
Baton Rouge LA 70805
Jasmin Thomas

4135 Mohican
Baton Rouge LA 70805
Latosha Johnson

3229 Ontario St.
Baton Rouge LA 70807
Shantelle Maze

5444 Osbourne
Baton Rouge LA 70805
Ashley Spradley

3864 Ozark
Baton Rouge LA 70805
Winafred Morgan

6849 Perimeter
Baton Rouge LA 70805
Ashley Hicks

3577 Shelley
Baton Rouge LA 70805
Shawn Williams

4592 Sherwood
Baton Rouge LA 70805
Kassandra Barrera

3848 Spedale St.
Baton Rouge LA 0805
A portion of lot 2 Fairacre Farms
Harriet Budgewater

5474 Sumrall
Baton Rouge LA 70805
Monique Dixon

1824 Terrace St.
Baton Rouge LA 70802
Addition Suburb Swart, lot 60
LaConya Barnes

4967 Underwood
Baton Rouge LA 70805
Foster Heights s/d, lot 41
Trinette Phagans

3005 Winbourne
Baton Rouge LA 70805
Kenya Nelson

3013 Winbourne Ave.
Baton Rouge LA 70805
Fairland Eisley

3027 Winbourne Ave.
Baton Rouge LA 70805
Kierra Johnson